%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Teresa Laudenslager
384 Broad Street, Emmaus, PA 18049

**(b)** County of Residence of First Listed Plaintiff   Lehigh
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (215) 340-0400

Joanne Rathgeber, Esq./Tiffanie Benfer, Esq.  Hill Wallack, LLP
777 Township Line road, Ste. 250, Yardley, PA 19067

## DEFENDANTS

KidsPeace
3438 Route 309, Orefield, PA 18069-2418

County of Residence of First Listed Defendant   Lehigh
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original
  Proceeding
- ☐ 2  Removed from
  State Court
- ☐ 3  Remanded from
  Appellate Court
- ☐ 4  Reinstated or
  Reopened
- ☐ 5  Transferred from
  another district
  (specify)
- ☐ 6  Multidistrict
  Litigation
- ☐ 7  Appeal to District
  Judge from
  Magistrate
  Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §12101, et seq.; 28 U.S.C. 1331 and PA Human Relations Act 42 P.S. §951.
Brief description of cause:
Disability Discrimination

## VII. REQUESTED IN   COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ IN EXCESS OF
$150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)   IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
03/15/2010

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _384 Broad Street, Emmaus, PA 18049_

Address of Defendant: _3438 Route 309, Orefield, PA 18069 - 2418_

Place of Accident, Incident or Transaction: _5300 KidsPeace Drive, Orefield, PA 18069_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Tiffanie C. Benfer_ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _3|15|10_   _____   _202096_
                    Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3|15|10_   _____   _202096_
                    Attorney-at-Law                  Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**      **APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _384 Broad Street, Emmaus PA 18049_

Address of Defendant: _3438 Route 309, Orefield PA 18069 - 2418_

Place of Accident, Incident or Transaction: _5300 Kidspeace Drive, Orefield, PA 18069_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability --- Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Tiffanie C. Benfer_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _3|15|10_     _Tiffanie C. Benfer_     _202096_
                Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3|15|10_     _Tiffanie C. Benfer_     _202096_
                Attorney-at-Law          Attorney I.D.#

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

*Teresa Laudenslager*      :      CIVIL ACTION

v.      :

*Kids Peace*      :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

_03/15/10_      _[signature] William C. Benker_      _Plaintiff_

**Date**      **Attorney-at-law**      **Attorney for**

_(215) 340-0400_      _(215) 340-9605_      _tbenker@hillwallack.com_
     _jrathgeber@hillwallack.com_

**Telephone**      **FAX Number**      **E-Mail Address**

(Civ. 660) 10/02

AO 398 (03/08) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

_Eastern_ District of _Pennsylvania_

| | |
|---|---|
| Teresa Laudenslager<br>Plaintiff | ) ) ) |
| v. | ) Civil Action No. |
| Kids Peace<br>Defendant | ) ) |

## Notice of a Lawsuit and Request to Waive Service of a Summons

To:  Kids Peace

_(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)_

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within _30_ days (_give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States_) from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date  03/15/10

Signature of the attorney or unrepresented party

Tiffanie C. Benfer, Esquire
Printed name

777 Township Line Rd., Ste. 250
Yardley, PA 19067
Address

tbenfer @ HillWallack.com
E-mail address

(215) 340-0400
Telephone number

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
_Eastern_ District of _Pennsylvania_

Teresa Laudenslager
_____
Plaintiff
v.

Kids Peace
_____
Defendant

)
)
)
)
)

Civil Action No.

### Waiver of the Service of Summons

To: Tiffanie C. Benfer Esquire
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _March 15, 2010_, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date _____

_____
Signature of the attorney or unrepresented party

_____
Printed name

_____
Address

_____
E-mail address

_____
Telephone number

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## United States District Court
Eastern District of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*Harvey Bartle III*
*Chief Judge*

*Clerk's Office*
*Room 2609*
*Telephone*
*(215)597-7704*

*Michael E. Kunz*
*Clerk of Court*

### NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION
### BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. **If you decide to consent, <u>your case will receive a date certain for trial.</u>**

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trial *de novo* demanded pursuant to Local Rules 53.2, Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgment, the final judgment shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgment of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

HARVEY BARTLE III
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

**HILL WALLACK LLP**

BY: **JOANNE RATHGEBER, ESQUIRE** (Attorney I.D. No. 30391)
     **TIFFANIE C. BENFER, ESQUIRE** (Attorney I.D. No. 202096)
777 Township Line Road, Suite 250
Yardley, PA 19067
(215) 340-0400                  Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA LAUDENSLAGER** | : | |
| 384 Broad Street | : | |
| Emmaus, PA 18049 | : | |
|     Plaintiff, | : | No. _____ |
| | : | |
|     v. | : | |
| | : | |
| **KIDSPEACE** | : | |
| 3438 Route 309 | : | |
| Orefield, PA 18069-2418 | : | |
|     Defendant. | : | Jury Trial Demanded |

### COMPLAINT

## I.    INTRODUCTION

1.    This action for equitable, monetary and other relief is brought by Plaintiff, Teresa Laudenslager, to redress intentional violations by Defendant, KidsPeace, of rights secured by the laws of the United States and the statutory law of the Commonwealth of Pennsylvania.

## II.    JURISDICTION

2.    This action is brought pursuant to the relevant provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.; 28 U.S.C. 1331; and the Pennsylvania Human Relations Act (PHRA), 42 P.S. §951, et seq., as amended, 1991.  The amount in controversy, exclusive of interests and costs, exceeds $150,000.

3.      Plaintiff, Teresa Laudenslager, has exhausted federal administrative remedies. Plaintiff filed her EEOC claim, Charge No. 530-2006-00925, on or about March 23, 2009, and it was dual filed with the PHRC.  On January 7, 2010, the EEOC issued a Right-to-Sue letter. This suit is timely filed within ninety (90) days of said notice.

4.      State law claims asserted under the PHRA and Pennsylvania common law are before This Honorable Court pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

## III.   <u>VENUE</u>

5.      The actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, the places in which the claims arose, and the places where KidsPeace conducts business.

6.      Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. Section 1391(b).  Venue is properly laid in the Eastern District of Pennsylvania because many violations of plaintiff's federal and civil rights occurred within this District.

## IV.   <u>PARTIES</u>

7.      Teresa Laudenslager ("Plaintiff") is an adult female, born March 19, 1965, residing at 384 Broad Street, Emmaus, PA 18049.  From April 19, 1992 until September 26, 2008, Teresa was an employee of KidsPeace, as a Case Manager for the Intensive Services Program.

8.      Defendant KidsPeace is a non-profit entity organized and existing under the laws of the Commonwealth of Pennsylvania and is authorized and does business within the Commonwealth of Pennsylvania and maintains an office at 5300 Kidspeace Drive, Orefield, PA

18069.  At all times relevant, KidsPeace is an employer within the meaning of the applicable legislation cited herein.

## V.    **FACTUAL BACKGROUND**

9.      Plaintiff began employment with Defendant on April 9, 1992.

10.     Plaintiff is a 44 year old 4 feet 7 inch female employed by defendant since April 9, 1992.

11.     Plaintiff was promoted to Case Manager in 2000 and had direct contact with patients.

12.     All the Case Managers were assigned private offices due to the nature of their work.

13.     Plaintiff had a private office that was not on the unit floor.

14.     KidsPeace is a mental health and behavioral rehabilitation facility for troubled youth.

15.     In 1998, Plaintiff was diagnosed with Reflex Sympathetic Dystrophy Syndrome (RSD) in her left foot which causes her to suffer severe pain.

16.     RSD severely affects the Plaintiff's balance causing her to wobble when she walks and requires her to take extra care due to her propensity to fall over.

17.     Subsequently, RSD has gradually spread throughout Plaintiff's entire body, including her right foot.

18.     In 1999 plaintiff suffered work related injury right ankle.  This injury occurred while the Plaintiff was attempting to restrain a patient.  Plaintiff has undergone two surgeries on her right ankle.

19.     Due to her injury to her right ankle and the RSD in her left foot, Plaintiff's doctor restricted her from restraining patients.

20.     In 2005 Plaintiff provided her employer a note from Dr. Rodowicz regarding her removal from all restraint duties. Employer refused to accommodate the Plaintiff.

21.     In July 2007, Plaintiff began receiving treatment for anxiety and depression. Much of Plaintiff's anxiety and depression was caused by her objection to repeated violations by her employer of patient rights.

22.     In October 2007, Plaintiff was out of work due to anxiety and depression. Plaintiff provided her employer with a doctor's note as to the reason for her absence.

23.     In April 2008, Plaintiff voiced concern and objection to her employer's accepting patients that it was not licensed to accept, which constitutes violations of state law.

24.     Shortly afterwards plaintiff was called into her supervisor's, Robert Scheffler, office and verbally reprimanded for reporting compliance issues.  She was also told that she was being moved from her private office on to the unit floor.  During this meeting Plaintiff expressed to Scheffler her need for an accommodation to have an office that was not on the actual unit floor where the children resided.

25.     Plaintiff informed Scheffler again about her need for an accommodation to have an office that was not on the actual unit were the children resided because of her anxiety, depression and physical disabilities. Her request was denied.  She became upset and began to cry.

26.     Plaintiff is the only case manager that was placed on the unit floor.

27.     Between May and July 2008, the parties participated in conflict resolution. During these sessions the Plaintiff explained her request for the accommodation to keep her private office.  She explained that given her condition she could not cope with the noise and fights between the children on the unit, and she was physically unable to physically restrain violent children, which was frequently necessary on the unit, given her physical restrictions, previously substantiated by her physicians.

28.     Plaintiff expressed her need for an accommodation to Amy Remmel,  Human Resource Specilist  and Dan Medlar, Director of Clinical Supervision, David Woodward, Director of Intensive Service Programs and finally on July 9, 2008 to Arnie Wetzler, Director of HR.  Wetzler stated "It stops here". "Martyrs never win".

29.     In July 2008 Plaintiff's office was moved to the unit, despite Plaintiff's request for accommodation to maintain her office off the unit.  Thereafter, Scheffler no longer spoke to her, would not answer pages and would only communicate with her through email.

30.     On September 12, 2008 Scheffler threw a paper on Plaintiff's desk and told her to sign it.  She asked for an opportunity to review the documents.  Shortly thereafter he came back to the Plaintiff's desk and loomed over her with his over six foot frame and insisted that she sign

the papers immediately.  Plaintiff felt threatened.  She advised Scheffler that she would report his behavior.  He left.  Plaintiff was crying and visibly shaken.

31.     Plaintiff reviewed and signed the paper the same day.  She sent an email to Mr. Scheffler advising of her compliance on the same day.

32.     On September 25, 2008 Plaintiff received a letter from Defendant that stated her position with KidsPeace was being eliminated immediately.

33.     Despites Defendant's assurance that Plaintiff's medical benefits would continue through November 30, 2008, Plaintiff's medical insurance was terminated on or before November 28, 2008.

## COUNT I

### PLAINTIFF'S CLAIM UNDER AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. §12101, et seq.

34.     Allegations contained in paragraphs 1 through 32 above are incorporated herein as if set forth in full.

35.     Plaintiff, Teresa Laudenslager, is, and was, at all times relevant hereto, a qualified individual with a disability as defined at 42 U.S.C. §12102(2), 29 C.F.R. §1630.2(g), in that she suffered from Reflex Sympathetic Dystrophy Syndrome (RSD, and can, with minimal reasonable accommodation, perform the essential functions of Case Manager that she performed with excellence.

36.     Defendant's deliberate termination of Plaintiff because of her disability, her record of disability and/or her perceived disability is unlawful discrimination in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et. seq.  This conduct has caused Plaintiff to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff, Teresa Laudenslager, demands judgment in her favor and against Defendant for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars; plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT II

### PLAINTIFF CLAIMS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §951, et seq.)

37.     Allegations contained in Paragraphs 1 through 28 above are incorporated herein as if set forth in full.

29.     Pennsylvania's Human Relations Act, 43 P.S. §951 et. seq., provides for compensatory damages in appropriate cases of violation of the Act's prohibition of disability discrimination.

30.     The egregious nature of Defendants' illegal misconduct and the extent of Plaintiff's financial, physical, and emotional injuries and damages justify a recovery of monetary damages for the value of Plaintiff's claims, and the facts and circumstances of this case entitle Plaintiff to additional damages under state law.

**WHEREFORE**, Plaintiff, Teresa Laudenslager, demands judgment in her favor and against Defendant for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars; plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

Respectfully submitted,

**HILL WALLACK LLP**

BY: _____
**JOANNE RATHGEBER, ESQUIRE**
**TIFFANIE C. BENFER, ESQUIRE**
Attorney for Plaintiff

Dated: <u>March 15, 2010</u>