HILL WALLACK LLP
BY:  **JOANNE RATHGEBER, ESQUIRE** (Attorney I.D. No. 30391)
     **TIFFANIE C. BENFER, ESQUIRE** (Attorney I.D. No. 202096)
777 Township Line Road, Suite 250
Yardley, PA 19067
(215) 340-0400                    Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA LAUDENSLAGER**<br>384 Broad Street<br>Emmaus, PA 18049<br>   Plaintiff, | :<br>:<br>:<br>:<br>:   No. 10-cv-01158 |
| v. | :<br>: |
| **KIDSPEACE**<br>3438 Route 309<br>Orefield, PA 18069-2418<br>   Defendant. | :<br>:<br>:<br>:   Jury Trial Demanded |

## AMENDED COMPLAINT

### I.  INTRODUCTION

1.  This action for equitable, monetary and other relief is brought by Plaintiff, Teresa Laudenslager, to redress intentional violations by Defendant, KidsPeace, of rights secured by the laws of the United States and the statutory law of the Commonwealth of Pennsylvania.

### II.  JURISDICTION

2.  This action is brought pursuant to the relevant provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.; 28 U.S.C. 1331; the Family Medical Leave Act (FMLA) 29 U.S.C. § 2601, et seq.; and the Pennsylvania Human Relations Act (PHRA), 42 P.S. §951, et seq., as amended, 1991. The amount in controversy, exclusive of interests and costs, exceeds $150,000.

3. Plaintiff, Teresa Laudenslager, has exhausted federal administrative remedies. Plaintiff filed her EEOC claim, Charge No. 530-2009-00302, in or around November 2008, and it was dual filed with the PHRC. On January 7, 2010, the EEOC issued a Right-to-Sue letter. This suit is timely filed within ninety (90) days of said notice.

4. State law claims asserted under the PHRA and Pennsylvania common law are before This Honorable Court pursuant to 28 U.S.C. §1367, supplemental jurisdiction.

### III. VENUE

5. The actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, the places in which the claims arose, and the places where KidsPeace conducts business.

6. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. Section 1391(b). Venue is properly laid in the Eastern District of Pennsylvania because many violations of plaintiff's federal and civil rights occurred within this District.

### IV. PARTIES

7. Teresa Laudenslager ("Plaintiff") is an adult female, born March 19, 1965, residing at 384 Broad Street, Emmaus, PA 18049. From April 19, 1992 until September 26, 2008, Teresa was an employee of KidsPeace, as a Case Manager for the Intensive Services Program.

8. Defendant KidsPeace is a non-profit entity organized and existing under the laws of the Commonwealth of Pennsylvania and is authorized and does business within the Commonwealth of Pennsylvania and maintains an office at 5300 Kidspeace Drive, Orefield, PA

18069. At all times relevant, KidsPeace is an employer within the meaning of the applicable legislation cited herein.

## V.     FACTUAL BACKGROUND

9. Plaintiff began employment with Defendant on April 9, 1992.

10. Plaintiff is a 44-year-old, 4-feet-7-inch female.

11. Plaintiff was promoted to Case Manager in 2000 and had direct contact with patients.

12. All the Case Managers were assigned private offices due to the nature of their work.

13. Plaintiff had a private office that was not on the unit floor.

14. KidsPeace is a mental health and behavioral rehabilitation facility for troubled youth.

15. In 1998, Plaintiff was diagnosed with Reflex Sympathetic Dystrophy Syndrome (RSD) in her left foot which causes her to suffer severe pain.

16. RSD severely affects the Plaintiff's balance causing her to wobble when she walks and requires her to take extra care due to her propensity to fall over.

17. Subsequently, RSD has gradually spread throughout Plaintiff's entire body, including her right foot.

18. In 1999, Plaintiff suffered a work-related injury to her right ankle. This injury occurred while Plaintiff was attempting to restrain a patient. Plaintiff has undergone two surgeries on her right ankle.

19. Due to her injury to her right ankle and the RSD in her left foot, Plaintiff's doctor restricted her from restraining patients.

20. After more surgery on her ankle in 2005, Plaintiff provided her employer a note from Dr. Rodowicz regarding her removal from all restraint duties. Employer refused to accommodate the Plaintiff.

21. During the course of her employment, Plaintiff complained about various unethical actions taken by Defendant, but Defendant did nothing to stop the conduct.

22. By July 2007, Plaintiff began receiving treatment for anxiety and depression because her objections to repeated violations by her employer of patient rights were completely ignored by Defendant.

23. In October 2007, Plaintiff was out of work for two weeks due to anxiety and depression. Plaintiff provided her employer with a doctor's note as to the reason for her absence.

24. In early 2008, Plaintiff was advised by Robert Sheffler, her supervisor, that she had to move to the unit floor from her private office. She began to cry. She filed grievances to stop the transfer to the floor.

25. In April 2008, Plaintiff, once again, voiced concern and objection to her employer's accepting patients that it was not licensed to accept, violating state law.

26. . Shortly afterwards, Plaintiff was called into her supervisor's, Robert Scheffler, office and verbally reprimanded for reporting compliance issues. In retaliation, Plaintiff was told she was being moved from her private office on to the unit floor. During this meeting, Plaintiff expressed to Scheffler that, due to her anxiety, depression, and physical disabilities, she needed an accommodation to have an office that was not on the actual unit floor where the children resided.

27. Plaintiff repeatedly informed Scheffler about her need for an accommodation. Her request was denied. She became upset and began to cry.

28. Plaintiff is the only case manager that was placed on the unit floor.

29. Between May and July 2008, the parties participated in conflict resolution. During these sessions, the Plaintiff explained her request for the accommodation to keep her private office given her physical restrictions substantiated by her physician. She explained that, given her condition, she could not cope with the noise and fights between the children on the unit. Additionally, she was physically unable to restrain violent children, which was frequently necessary on the unit.

30. Plaintiff expressed her need for an accommodation to Amy Remmel, Human Resource Specialist; Dan Medlar, Director of Clinical Supervision; David Woodward, Director of Intensive Service Programs; and finally, on July 9, 2008, Arnie Wetzler, Director of HR. Wetzler stated, "It stops here. Martyrs never win."

31. In July 2008, Plaintiff's office was moved to the unit, despite Plaintiff's request for accommodation to maintain her office off the unit. Thereafter, Scheffler no longer spoke to her, would not answer pages, and would only communicate with her through email.

32. On September 12, 2008, Scheffler threw a paper on Plaintiff's desk and told her to sign it. She asked for an opportunity to review the documents. Shortly thereafter, Scheffler came back to the Plaintiff's desk, looming over her with his over-six-foot frame and insisting she sign the papers immediately. This conduct was definitely used as a scare tactic, and Plaintiff felt threatened. She advised Scheffler she would report his behavior. He left. Plaintiff was crying and was visibly shaken. Plaintiff reviewed and signed the paper the same day, notifying Scheffler of her compliance by email.

33. On September 15, 2008, after receiving an email regarding the compliance issues from Susan Layburn, Plaintiff discussed with Ms. Layburn her increasing anxiety and depression due to working on the unit. She also informed Ms. Layburn that she would be seeing her physician the following day.

34. Plaintiff saw Dr. Kevin Rodowicz on September 16, 2008, who gave her an excusal for two weeks due to the changing of medication for her anxiety and depression.

35. On September 17, 2008, Plaintiff presented the excusal to Robert Faustner, HR, and requested medical leave. Defendant granted Plaintiff two weeks' leave.

36. On September 20, 2008, Plaintiff received a letter from Robert Faustner, HR, regarding Family Medical Leave Act (FMLA) and Short Term Disability (STD) paperwork and also advised that she had already used a portion of FMLA time in October 2007. Plaintiff was

not aware she had previously taken Family Medical Leave. She was, at no time, told, orally or written, that her leave in October 2007 was applied to FMLA.

37. In October 2007, Plaintiff was out of work for two weeks. Accordingly, she was still entitled to 10 weeks of Family Medical Leave for that year.

38. On September 25, 2008, Plaintiff received a letter from Defendant stating her position with KidsPeace was being eliminated immediately under the pretext of a reduction in workforce despite the fact that there were 50 to 60 other case workers and Plaintiff was the only one laid off. Additionally, Plaintiff's position was immediately filled by an individual who did not have a disability.

39. Despite her termination, Plaintiff returned her FMLA/STD paperwork on September 29, 2008, which was not due until October 3, 2008.

40. Despite Defendant's assurance that Plaintiff's medical benefits would continue through November 30, 2008, Plaintiff's medical insurance was terminated on or before November 28, 2008.

## COUNT I

### PLAINTIFF'S CLAIM UNDER AMERICANS WITH DISABILITIES ACT OF 1990
### 42 U.S.C. §12101, et seq.

41. Allegations contained in paragraphs 1 through 42 above are incorporated herein as if set forth in full.

42. Plaintiff, Teresa Laudenslager, is, and was, at all times relevant hereto, a qualified individual with a disability as defined at 42 U.S.C. §12102(2), 29 C.F.R. §1630.2(g), in that she

suffered from Reflex Sympathetic Dystrophy Syndrome (RSD), an injury to her right ankle, anxiety and depression, and can, with minimal reasonable accommodation, perform the essential functions of Case Manager that she performed with excellence.

43. Defendant's deliberate termination of Plaintiff because of her disability, her record of disability and/or her perceived disability is unlawful discrimination in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, et seq. This conduct has caused Plaintiff to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff, Teresa Laudenslager, demands judgment in her favor and against Defendant for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars; plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT II

### PLAINTIFF'S CLAIMS UNDER THE FAMILY MEDICAL LEAVE ACT of 1993
### 29 U.S.C. §2601, et. seq.

44. Allegations contained in paragraphs 1 through 45 above are incorporated herein as if set forth in full.

45. The Family Medical Leave Act 29 U. S. C. § 2615(a)(2) ("FMLA") makes it unlawful for an employer to discriminate or retaliate against an employee because the employee has taken a leave under FMLA.

46.     Plaintiff was subjected to adverse employment action because she took a leave of absence to which she was entitled under the Family Medical Leave Act.

47.     Plaintiff was subjected to retaliation by the Defendant in that her employment was terminated while she was on her leave of absence.

48.     Defendant's deliberate retaliation is unlawful discrimination in violation of the, Family Medical Leave Act 29 U. S. C. § 2601, et seq. This conduct has caused Plaintiff to suffer emotional distress, mental anguish, monetary loss, wage loss, loss of self-esteem, personal humiliation, and loss of enjoyment of life.

WHEREFORE, Plaintiff, Teresa Laudenslager, respectfully requests judgment in her favor and against Defendant for compensatory and liquidated damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars; plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

## COUNT III

### PLAINTIFF CLAIMS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT (43 P.S. §951, et seq.)

49.     Allegations contained in Paragraphs 1 through 50 above are incorporated herein as if set forth in full.

50.     Pennsylvania's Human Relations Act, 43 P.S. §951, et seq., provides for compensatory damages in appropriate cases of violation of the Act's prohibition of disability discrimination.

51.     The egregious nature of Defendants' illegal misconduct and the extent of Plaintiff's financial, physical, and emotional injuries and damages justify a recovery of monetary damages for the value of Plaintiff's claims, and the facts and circumstances of this case entitle Plaintiff to additional damages under state law.

**WHEREFORE**, Plaintiff, Teresa Laudenslager, demands judgment in her favor and against Defendant for compensatory and punitive damages in an amount exceeding One Hundred Fifty Thousand ($150,000) Dollars; plus costs of this action, reimbursement of back pay with interest, front pay, attorneys fees, and such other relief as the Court may deem just, proper, and appropriate in the circumstances of this case.

Respectfully submitted,

**HILL WALLACK LLP**

BY: _____
JOANNE RATHGEBER, ESQUIRE
TIFFANIE C. BENFER, ESQUIRE
Attorney for Plaintiff

Dated: April 8, 2010

**HILL WALLACK LLP**
BY: **JOANNE RATHGEBER, ESQUIRE** (Attorney I.D. No. 30391)
     **TIFFANIE C. BENFER, ESQUIRE** (Attorney I.D. No. 202096)
777 Township Line Road, Suite 250
Yardley, PA 19067
(215) 340-0400                        Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA LAUDENSLAGER**<br>384 Broad Street<br>Emmaus, PA 18049<br>    Plaintiff, | :<br>:<br>:<br>:   No. 10-cv-01158 |
| v. | : |
| **KIDSPEACE**<br>3438 Route 309<br>Orefield, PA 18069-2418<br>    Defendant. | :<br>:<br>:<br>:   Jury Trial Demanded |

### CERTIFICATE OF SERVICE

I, JOANNE RATHGEBER, ESQUIRE, hereby certify that a true and correct copy of Plaintiff's Amended Complaint was served by first-class mail on this 9th day of April, 2010, to the following:

            Edward J. Easterly, Esquire
            Steven E. Hoffman, Esquire
            Tallman, Hudders & Sorrentino
            The Paragon Centre, Suite 300
            1611 Pond Road
            Allentown, PA 18104

BY: _____
     **JOANNE RATHGEBER, ESQUIRE**
     **TIFFANIE C. BENFER, ESQUIRE**
     Attorneys for Plaintiff