**HILL WALLACK LLP**
BY:  **JOANNE RATHGEBER, ESQUIRE** (Attorney I.D. No. 30391)
     **TIFFANIE C. BENFER, ESQUIRE** (Attorney I.D. No. 202096)
777 Township Line Road, Suite 250
Yardley, PA 19067
(215) 340-0400                               Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERESA LAUDENSLAGER** | : | |
| Plaintiff, | : | No. <u>10-cv-01158</u> |
| | : | |
| v. | : | |
| | : | |
| **KIDSPEACE** | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, on this _____ day of _____, 2010, upon consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support thereof and Plaintiff's Response and Memorandum of Law thereto, it is hereby ORDERED and DECREED that:

Defendant's Motion to Dismiss Plaintiff's Amended Complaint is DENIED.

**BY THE COURT:**

_____, J.

**HILL WALLACK LLP**
BY:  **JOANNE RATHGEBER, ESQUIRE** (Attorney I.D. No. 30391)
     **TIFFANIE C. BENFER, ESQUIRE** (Attorney I.D. No. 202096)
777 Township Line Road, Suite 250
Yardley, PA 19067
(215) 340-0400                                    Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERESA LAUDENSLAGER** | : | |
| Plaintiff, | : | No. <u>10-cv-01158</u> |
| | : | |
| v. | : | |
| | : | |
| **KIDSPEACE** | : | |
| Defendant. | : | |

### PLAINTIFF TERESA LAUDENSLAGER'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Teresa Laudenslager ("Laudenslager" or "Plaintiff"), by and through her attorneys, Hill Wallack LLP, hereby submits this Brief in Opposition to Defendant's, KidsPeace, Brief in Support of Motion to Dismiss and/or Strike Plaintiff's Amended Complaint and respectfully requests that this Court deny Defendant's Memorandum of Law in Support of Motion to Dismiss.

**I.   INTRODUCTION**

On May 10, 2010, Plaintiff filed an Amended Complaint in this matter in the United States District Court for the Eastern District of Pennsylvania. In her complaint, Plaintiff asserts that Defendant discriminated against her in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12201, et seq. (Count I); and the Pennsylvania Human Relations Act (PHRA), 42 P.S. §951, et seq., as amended, 1991 (Count III).  Additionally, she asserts that Defendant

violated her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. (Count II).

## II.   FACTS

On or about April 9, 1992, Plaintiff was hired by Defendant, a mental health and behavioral rehabilitation facility for troubled youths.  Amended Complaint ¶9 and ¶14.  At some point in the year 2000, Plaintiff was promoted to Case Manager.  *Id.*, ¶11.  All the Case Managers were assigned private offices not on the unit floor due to the nature of their work.  *Id.*, ¶12-13

In 1998, Plaintiff was diagnosed with Reflex Sympathetic Dystrophy Syndrome (RSD) in her left foot, which causes her to endure severe pain.  *Id.*, ¶15.  RSD also significantly affects her balance causing her to wobble when she walks and requires her to take extra precautions due to her propensity to fall over.  *Id.*, ¶16.  Over the years, RSD has spread throughout Plaintiff's entire body, including her right foot.  *Id.*, ¶17.  Subsequently, Plaintiff suffered a work-related injury to her right ankle that has required two surgeries.  *Id.*, ¶18.

Due to her injury to her right ankle and the RSD in her left foot, Plaintiff's doctor restricted her from restraining patients.  *Id.*, ¶19.  In 2005, Dr. Kevin Rodowicz, Plaintiff's doctor, provided her employer with a note that indicated she should be removed from all restraint duties.  *Id.*, ¶20.

In July 2007, Plaintiff began receiving treatment for anxiety and depression because the Defendant completely ignored her objections to repeated violations of patient rights.  *Id.*, ¶22.

In early 2008, Robert Scheffler, Plaintiff's supervisor, advised her that she was being moved out of her private office and onto the unit floor with the clients which would lead to the

need to restrain unruly patients. *Id*., ¶24.  Plaintiff filed grievances to prevent Defendant from being moved from her office onto the unit floor. *Id*., ¶24.

In May 2008, Plaintiff, once again, voiced concern and objections to the fact that Defendant was accepting patients it was not licensed to accept, which constituted a violation of state law. *Id*., ¶25.

Plaintiff persistently told Scheffler, her supervisor, she needed to have an office that was not on the actual unit floor with the children because of her anxiety, depression, and physical disabilities. *Id.*, ¶26-27.  Scheffler repeatedly denied her request for this accommodation. *Id*., ¶27.

Between May and July 2008, the parties participated in conflict resolution. *Id*., ¶29. During these sessions, Plaintiff reiterated her request for the accommodation to keep her private office given her physical restrictions. *Id*., ¶29.  She explained that she was not physically able to restrain violent children, which was frequently necessary on the unit floor. *Id*., ¶29.  Plaintiff expressed her need for an accommodation to Amy Remmel, Human Resources Specialist; Dan Medlar, Director of Clinical Supervision; David Woodward, Director of Intensive Service Programs; and Arnie Wetzler, Director of Human Resources. *Id*., ¶30.

In July 2008, Plaintiff's office was moved to the unit, despite her request for accommodation for her physical disability. *Id*., ¶31.  Plaintiff suffered increased anxiety and depression as a result of working on the unit which required a change in her medication. *Id*., ¶33. Dr. Rodowicz excused her from work for two weeks while he modified her medication. *Id*., ¶34.  On September 17, 2008, Defendant received Dr. Rodowicz' note excusing Plaintiff from work for two weeks. *Id*., ¶35.  Defendant granted Plaintiff two-weeks leave. *Id*., ¶35.

On September 20, 2008, Plaintiff received a letter from Robert Faustner, HR, regarding Family Medical Leave Act and Short Term Disability paperwork. *Id*., ¶36. On September 25, 2008, Plaintiff received a letter from the Defendant stating her position with KidsPeace was being eliminated immediately. *Id*., ¶38. Despite her termination, Plaintiff returned her FMLA/STD paperwork on September 29, 2008. *Id*., ¶39.

## III.   STANDARD OF REVIEW

The Supreme Court recently expressed: "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, et al*., 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009). *Internal citations omitted*. The Court also stated: "[w]hile legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

The *Ashcroft* Court identified allegations in the plaintiff's complaint that were not entitled to the assumption of truth because they were no more than "bare assertions" that amounted to nothing more than recitation of the elements of a constitutional discrimination claim. The allegations cited by the Court included: "knew of, condoned, and willfully and maliciously agreed" to subject [Plaintiff] to confinement, "solely on account of his religion, race, and/or national origin and for no legitimate penologic interest", and alleged that Ashcroft was the "principle architect" of the policy. *Id*. at 1951. The court also stated that the complaint was insufficient because it failed to "show, or even intimate" that Ashcroft's alleged actions were purposely discriminatory. *Id*. at 1951-52.

Subsequently, Chief Judge Donetta W. Ambrose of the United States District Court of Western Pennsylvania applied the Court's holding in *Ashcroft*, and stated in pertinent part:

> In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." *Id*. at 666. Complaints "need not plead law or match facts to every element of a legal theory." *Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir.2001).  Plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of his cause of action. *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008) *Internal citations omitted.*

*Carraway v. Borough of Wilkinsburg* 2009 WL 2981955, 1 (W.D.Pa.) (W.D.Pa.,2009).

In this case, Plaintiff's Complaint contains legal conclusions supported by well-pleaded factual allegations that more than possibly give rise to an entitlement to relief.  Laudenslager asserted she suffers from physical impairment that substantially impairs her ability to walk, a major life activity.  She asserts her disability with specificity; how it impairs a major life activity, walking; the Defendant's knowledge of her disability; and Defendant's decision to reject her request for an accommodation.

When considering a Rule 12(b)(6) motion, the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in pleader's favor, and views the pleading in the light most favorable to the non-moving party.  *Corbett v. Morgenstern, et al.*, 934 F.Supp. 680, 682 (E.D. Pa. 1996).  A claim will only be dismissed under 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief.  *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (U.S. 1957).  S*ee Hishon v. King & Spaulding*, 467 U.S. 69, 104 S. Ct. 2229 U.S. (1984).  A claim will not be dismissed merely because the pleader will ultimately not prevail at trial.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).  Rather, the Court must consider "whether the

claimant is entitled to offer evidence to support the claims". *See also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 U.S. Ohio (1974).

Accordingly, the Defendant's motion should be dismissed because Plaintiff's Complaints contained well-pleaded factual allegations that also clearly assert how Defendant's actions were purposely discriminatory.

## IV.    LEGAL ARGUMENT

### A.    **Plaintiff's Complaint States a Claim Upon Which Relief Can Be Granted for Disability Discrimination Pursuant to the ADA and PHRA.**

Plaintiff has demonstrated the facts necessary to establish a prima facie claim of disability discrimination pursuant to the ADA and the PHRA. To establish a prima facie case of discrimination under the ADA, a plaintiff must show**:** "(1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered an otherwise adverse employment decision as a result of discrimination." *Riley v. Wal-Mart Stores East*, L.P., 2009 WL 3166279, *3 (E.D. Pa. Sept. 28, 2009) (citing *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir.2004)). In this context, adverse employment decisions include "refusing to make reasonable accommodations for a plaintiff's disabilities." *Id*.

In order to establish that she has an "actual disability," as defined by the ADA, Laudenslager must initially demonstrate that she has a physical or mental impairment. *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 194, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Simply having an impairment, however, does not make one disabled for purposes of the ADA. *Id*. Rather, Plaintiff must also demonstrate that the impairment limits a major life activity. *Id..* at 195. Plaintiff's Complaint satisfies this requirement.

Although "[t]he ADA itself does not comprehensively define the meaning of 'major life activity' ... it does specifically direct that the statute be construed so that it meets the standards set forth in the Rehabilitation Act of 1973, 29 U.S.C. § [701] et seq., and the regulations issued thereunder." *Fiscus v. Wal-Mart Stores, Inc*., 385 F.3d 378, 382 (3d Cir.2004). The regulations offer a list of examples of "major life activities," including: caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 45 C.F.R. § 84.3(j)(2)(ii).

"Courts must determine whether an individual has a disability on a case-by-case basis." *Campbell v. United Parcel Service, Inc*. L 2973696, 4 -5  (W.D.Pa.,2007)(citing *Sutton v. United Air Lines, Inc*., 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). A Plaintiff must "prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience ... is substantial." *Toyota,* 534 U.S. at 198 (quoting *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567, 119 S.Ct. 2162, 144 L.Ed.2d 518 (1999)).

In this case, the Plaintiff asserts in her complaint that she suffers from RSD and the effects of two foot injuries and describes how it substantially impairs her ability to walk, a major life activity according to 45 C.F.R. § 84.3(j)(2)(ii). Amended Complaint ¶15 and 16. Plaintiff has alleged a great deal more than "conclusionary" statement as Defendant suggests in its brief. Plaintiff has set forth clear facts that satisfy the heightened pleading standards set forth in *Ashcroft v. Iqbal, et al*., 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Plaintiff also asserts in her complaint that Defendant had knowledge of her physical disabilities, which were confirmed by a doctor's note that indicated she was physically unable to restrain the clients given her physical disability. Despite the doctor's note and Plaintiff's

numerous requests for an accommodation, Defendant moved Plaintiff's office onto the floor were the children reside and where she was required to physically restrain the patients. Defendant's decision to remove Plaintiff from her private office and place her on the unit in light of her disability and request for accommodations and the decision to ultimately fire her constitute adverse employment actions.  Defendant's actions are even more blatantly adverse given the fact that all the other Case Managers had private offices that were located outside the unit.

As such, Plaintiff's complaint contains the necessary specific facts to meet the Supreme Courts' recent heightened pleading standards.

### B.     Plaintiff's Claim for Punitive Damages Should Not be Dismissed.

Plaintiff concedes that she is not entitled to punitive damages under the PHRA. However, Plaintiff is entitled to seek punitive damages under Title VII.  Consequently, Punitive Damages should only be dismissed with regard to Count III of Plaintiff's Amended Complaint.

### C.     Plaintiff's Amended Complaint Contains Pertinent and Material Facts

The paragraphs in Plaintiff's Amended Complaint that Defendant contests are pertinent and relevant to the Plaintiff's cause of action.  Laudenslager contends that in retaliation to her objections to Defendant's violations of patient rights, Defendant removed her from her private office and denied her request for accommodation not to be placed on the unit, which would require her to be involved in patient restraint.

"The standard for striking under Rule 12(f) is strict and ... only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." *Becker v. Chicago Title Ins. Co., No. Civ. A*. 03-2292, 2004 U.S. Dist. LEXIS 1988, at *18, 2004 WL 228672, at *6 (E.D.Pa. Feb.4, 2004) (internal citations omitted).  "Striking a pleading is a drastic

remedy to be resorted to only when required for the purposes of justice." *United States v. American Elec. Power Serv. Corp.*, 218 F.Supp.2d 931 (D.C.Ohio 2002). "Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed." *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D.C.Haw. 1998) (granting a motion to strike when plaintiffs referred to defendants' conduct in an insurance dispute as "siege warfare.") "Motions to strike are often not granted if there is an absence of a showing of prejudice to the moving party." *Great West Life Assurance Co. v. Levithan*, 834 F.Supp. 858, 864 (E.D.Pa.1993). In this case, Defendant fails to cite how the allegations prejudice the Defendant and have failed to cite how the allegations are unrelated to Plaintiff's claims.

"Immaterial matter is that which has no essential or important relationship to the claim for relief. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." While "scandalous matter has been defined as that which improperly casts a derogatory light on someone, most typically on a party to the action, scandalous pleading must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'" *Zaloga v.Provident Life and Acc. Ins. Co. of America*, 671 F. Supp 2d. 623 (M.D. Pa. 2009) (citing *Donnelly v. Commonwealth Fin. Sys.*, No. 07-CV-1881, 2008 WL 762085, at *4 (M.D.Pa. Mar. 20) (internal citations omitted).

The allegations contained in paragraphs 21, 22, 25 26, and 33 of Plaintiff's Amended Complaint demonstrate why she was targeted by the Defendant and denied accommodations in accordance with the ADA. The facts contained in paragraphs 21, 22, 25 26, and 33 are quite relevant and material to the Plaintiff's allegations because they reflect Defendant's motivation when it denied the Plaintiff's request for accommodations. Paragraphs 21, 22, 25, 26 and 33

show Plaintiff complained to the Defendant about patient right violations and, subsequently, was removed from her private office and onto the unit where she was required to do physical acts beyond her capabilities as a result of her disability.  The paragraphs simply state the sequence of events that resulted in the Plaintiff's need for an accommodation and the Defendant's decision to deny it despite medical documentation in support thereof.  Thus, the allegations are the facts of the case, worthy of consideration, and should not be stricken.

Furthermore, the allegations do not "reflect cruelly upon the defendant's moral character, use repulsive language, or detract from the dignity of the court." *Id*.

The alleged facts are relevant, material, and pertinent to Plaintiff's cause of action and should not be dismissed.

## V. CONCLUSION

For all the reasons set forth above, it is respectfully requested that this Honorable Court enter the attached Order and deny Defendants' Motion to Dismiss.

                                        Respectfully submitted,

                                        **HILL WALLACK LLP**

                                        BY:  *Joanne Rathgeber*
                                              **JOANNE RATHGEBER, ESQUIRE**
                                              **TIFFANIE C. BENFER, ESQUIRE**
                                              Attorney for Plaintiff

Dated: <u>May 26, 2010</u>

**HILL WALLACK LLP**
BY:  **JOANNE RATHGEBER, ESQUIRE** (Attorney I.D. No. 30391)
       **TIFFANIE C. BENFER, ESQUIRE** (Attorney I.D. No. 202096)
777 Township Line Road, Suite 250
Yardley, PA 19067
(215) 340-0400                                             Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERESA LAUDENSLAGER** : | |
| 384 Broad Street : | |
| Emmaus, PA 18049 : | |
|       Plaintiff, : | No. <u>10-cv-01158</u> |
| : | |
| v. : | |
| : | |
| **KIDSPEACE** : | |
| 3438 Route 309 : | |
| Orefield, PA 18069-2418 : | |
|       Defendant. : | Jury Trial Demanded |

## CERTIFICATE OF SERVICE

I, JOANNE RATHGEBER, ESQUIRE, hereby certify that a true and correct copy of

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint was

served by electronic case filing on this 26th day of May, 2010, to the following:

Edward J. Easterly, Esquire
Steven E. Hoffman, Esquire
Tallman, Hudders & Sorrentino
The Paragon Centre, Suite 300
1611 Pond Road
Allentown, PA 18104


                              BY: *Joanne Rathgeber*
                                    **JOANNE RATHGEBER, ESQUIRE**
                                    **TIFFANIE C. BENFER, ESQUIRE**
                                    Attorneys for Plaintiff